David J. Sheehan (DS-4818)
Frederick W. Alworth (FA-6977)
**GIBBONS, DEL DEO, DOLAN,
GRIFFINGER & VECCHIONE,**
A Professional Corporation
One Riverfront Plaza
Newark, NJ 07102-5496
(973) 596-4500

Nicholas J. Pappas (NP-3925)
Todd D. Ommen
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, NY 10153
(212) 310-8000

Attorneys for Defendant Ingenix, Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| WAYNE SURGICAL CENTER, INC., INDIVIDUALLY, AND ON BEHALF OF ALL THOSE SIMILARLY SITUATED<br>　　　　Plaintiffs,<br>v.<br>HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, INC., and INGENIX, INC.,<br>　　　　Defendants. | **FILED ELECTRONICALLY**<br><br>Civil Action No. 05-2707 (JAG) (GDH)<br><br>Hon. Joseph A. Greenaway, Jr. U.S.D.J.<br><br>Return Date: June 27, 2005 |

**DEFENDANT INGENIX, INC.'S MEMORANDUM OF LAW IN
OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

I.    This Court Should Stay These Proceedings and Allow WSC's Remand Motion to Be Decided by the MDL Court ............................................................................................... 2

II.   WSC's Remand Motion Fails to Provide a Basis for Remanding This Matter. ..................... 4

   A.   CAFA Provides this Court With Jurisdiction Because the Complaint Alleges a Class of More than One Hundred Providers ................................................................. 4

   B.   Sutter v. Horizon and Thomas Are Purported Class Actions Filed Within the Prior Three Years Based on Similar Factual Allegations. ................................................. 5

III.   Ingenix Does Not Oppose Remand If the Court Orders Plaintiff's Complaint to Be Amended to Limit Plaintiff's Claims, and Any Claims of the Purported Class, to Claims for Reimbursement Solely for Services of Out-Network Ambulatory Surgical Care Centers, Not For Services of Physicians or other Persons or Entities. ..................................................... 8

CONCLUSION .............................................................................................................................. 9

## TABLE OF AUTHORITIES

### FEDERAL CASES

In re Ivy, 901 F.2d 7 (2d Cir. 1990) ........................................................................................3

Nekritz v. Canary Capital Partners LLP, No. 03-5081 (DRD), 2004 U.S. Dist.
    LEXIS 12473 (D.N.J. Jan. 12, 2004) ................................................................................3

Steel Valley Authority v. Union Switch & Signal Division, America St., 809 F.2d
    1006 (3d Cir. 1987) ...........................................................................................................5

United States v. American Trucking Ass'ns, 310 U.S. 534 (1940) ......................................7

### FEDERAL STATUTES

28 U.S.C. § 1332(d) ..............................................................................................4, 6, 8

28 U.S.C. § 1407 ..........................................................................................................7

## **PRELIMINARY STATEMENT**

Defendant Ingenix, Inc. ("Defendant" or "Ingenix") respectfully submits this memorandum of law in opposition to Wayne Surgical Center, Inc.'s ("WSC" or "Plaintiff") motion to remand this matter to state court (the "Remand Motion").

As a threshold matter, this action is very likely to be transferred to the District Court for the Southern District of Florida (the "MDL Court") pursuant to Ingenix's recently filed notice of "tag along" action, (see Notice, ECF Docket No. 3), and under prevailing authority, the merits of WSC's Remand Motion should be decided in that Court. Indeed, this Court has itself deferred ruling on a motion to remand in Sutter v. United Healthcare of New Jersey, Inc., C.A. Nos. 02-CV-2541, 02-CV-2542, 02-CV-2543 (JAG) (D.N.J. July 17, 2002) ("Sutter v. United") (Greenaway, J.)[1] and instead stayed proceedings precisely so that the Judicial Panel on Multidistrict Litigation ("JPML") could first rule on the issue of transfer of that case. For the same reasons, the instant Motion to Remand should be stayed until after a final decision by the JPML, pursuant to Ingenix's currently pending Motion to Stay (see Motion to Stay Proceedings Pending a Final Decision by the Judicial Panel on Multidistrict Litigation ("Stay Motion"), ECF Docket No. 4).

Even if this Court considers the merits of WSC's Remand Motion, Ingenix submits that it must be denied because neither of the two arguments advanced by WSC provide a basis for remand. First, in a transparent attempt to avoid federal court jurisdiction, WSC attempts to support its Remand Motion by completely rewriting the class allegations in the Complaint without acknowledging that it has changed the position it asserted in the underlying

---

[1] A true and correct copy of this Court's order in Sutter v. United is annexed to the Declaration of Todd D. Ommen ("Ommen Decl."), submitted herewith, as Exhibit A.

complaint. Recognizing that the Class Action Fairness Act of 2005 ("CAFA") provides this Court with jurisdiction over this matter because the Complaint describes a purported class of more than one hundred members, WSC disingenuously ignores the allegations in the Complaint and purports to describe a very different class, limited only to "ambulatory surgical care centers." (see Remand Motion, p. 3). This newly described class is not even mentioned in the Complaint. Because the purported class described in the Complaint governs the removal inquiry, Plaintiff's argument must be rejected.

Second, and contrary to Plaintiff's assertion, no exception to CAFA's grant of jurisdiction applies here. Although certain locally focused class actions are exempted from CAFA, no such exemption applies where another class action has been filed against one of the defendants in the past three years based on similar factual allegations. Because there have been at least two similar class actions filed in the past three years against Horizon, CAFA provides a basis for federal court jurisdiction over this matter. WSC's attempt to distinguish those actions by selectively highlighting certain allegations, while completely ignoring others that are plainly "similar," should be rejected. Plaintiffs in each of these cases allege that Horizon improperly attempts to reduce reimbursement payments to providers, and because these allegations are "similar to" those at issue in the instant case, CAFA dictates that this Court has jurisdiction over this purported class action.

## ARGUMENT

I. **This Court Should Stay These Proceedings and Allow WSC's Remand Motion to Be Decided by the MDL Court**

District courts -- including the District of New Jersey -- regularly transfer cases to an MDL court while a motion to remand is pending. (See Stay Motion, pp. 11-13, and cases cited therein). As set forth more fully in Ingenix's pending Stay Motion, the reason for this is

plain – the MDL court is faced with multiple, similar remand motions and, accordingly, all such motions should be addressed in the same forum by the same court to ensure efficiency and consistency. See In re Ivy, 901 F.2d 7, 9 (2d Cir. 1990) (where "jurisdictional issue[s] in question [are] easily capable of arising in hundreds or even thousands of cases in district courts throughout the nation," "consistency and economy [are] served" by having such issues "resolved by a single court"); Nekritz v. Canary Capital Partners LLP, No. 03-5081 (DRD), 2004 U.S. Dist. LEXIS 12473, at *6 (D.N.J. Jan. 12, 2004) (A stay "will eliminate the danger that a decision on this remand motion might be inconsistent with decisions by other courts on similar questions"). Indeed, this very Court stayed a companion case to a similar class action against Horizon pending a determination by the JPML for these very reasons. See Ommen Decl., Exh. A (Order Staying Proceedings in Sutter v. United, C.A. Nos. 02-CV-2541, 02-CV-2542, 02-CV-2543); see also Sutter v. United Transcript of Proceedings on July 9, 2002, a true and correct copy of the cited portions of which is annexed to the Ommen Decl. as Exhibit B, at pp. 61-64.[2]

For these same reasons, the proceedings herein should be stayed, and the Remand Motion should be decided by the MDL Court.

---

[2] Ironically, following similar protestations from plaintiff in Sutter v. United as those asserted here, plaintiff's remand motion in Sutter v. United was denied by the MDL Court after plaintiff's counsel failed to appear at the hearing to decide the motion. See Order Denying Plaintiff Sutter's Motion to Remand, In re Managed Care Litigation, MDL-1334 (S.D. Fla. Aug. 26, 2003) (unpublished order). A true and correct copy of the relevant court proceedings (August 19, 2003) is annexed to the Ommen Decl. as Exhibit C, and a true and correct copy of the Order Denying Plaintiff Sutter's Motion to Remand is annexed to the Ommen Decl. as Exhibit D.

II.  **WSC's Remand Motion Fails to Provide a Basis for Remanding This Matter.**

  A.  **CAFA Provides this Court With Jurisdiction Because the Complaint Alleges a Class of More than One Hundred Providers**

CAFA provides this Court with jurisdiction. See 28 U.S.C. § 1332(d). WSC does not contest that the matter in controversy exceeds $5,000,000, exclusive of interest and costs, and is a case in which a member of the putative class is a citizen of a state different from a defendant, Ingenix. See 28 U.S.C. § 1332(d)(2)(A). WSC, therefore, has asserted a class action as defined by 28 U.S.C. § 1332(d)(1)(B). Consequently, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d)(2).

WSC attempts to avoid this jurisdiction by making the specious argument that the purported class has less than one hundred members. In making this allegation, WSC does not cite to any supporting allegation in its Complaint. (See Remand Motion, p. 3). The obvious reason for this omission is that the Complaint quite plainly alleges a purported class far in excess of one hundred members. Specifically, the purported class described in the Complaint includes all "out-network providers in northern New Jersey[,] which obtained inadequate reimbursement from Horizon for providing care, treatment, supplies or other services to Horizon insureds." (Complaint, filed April 12, 2005, at p. 5).[3]

There can be no dispute that the entities that provide "care, treatment, supplies or other services to Horizon insureds" comprise a purported class of more than one hundred, and Plaintiff concedes as much by attempting to limit the class in its motion to remand. Specifically, in the instant motion, WSC does a complete about-face by arguing that the class is limited to

---

[3] WSC later describes a purported class with even more breadth, omitting the limitation of "northern" New Jersey. See Complaint, p. 8 (seeking certification of a class of "New Jersey out-network providers of care, treatment, supplies or other services").

"ambulatory surgical care centers" (see Remand Motion, p. 3). This description appears ***nowhere*** in the Complaint, and contradicts the allegation that the class includes all "out-network providers in northern New Jersey[,] which obtained inadequate reimbursement from Horizon for providing care, treatment, supplies or other services to Horizon insureds." Removal, however, is based on the allegations in the complaint, not the contents of lawyers' arguments in motion papers. See Steel Valley Auth. v. Union Switch & Signal Div., Am. St., 809 F.2d 1006, 1010 (3d Cir. 1987) ("Ruling on whether an action should be remanded to the state court from which it was removed, the district court must focus on the plaintiffs' complaint at the time the petition for removal was filed. In so ruling the district court must assume as true all factual allegations of the complaint…"). Because the Complaint describes a class of more than one hundred members, for the reasons stated above and in Ingenix's Notice of Removal, CAFA provides this Court with jurisdiction.[4] (See also Notice of Removal, ECF Docket No. 1, pp. 3-5).

B. **Sutter v. Horizon and Thomas Are Purported Class Actions Filed Within the Prior Three Years Based on Similar Factual Allegations.**

WSC attempts to distinguish the two purported class actions filed against Horizon in the last three years while ignoring the breadth of the allegations contained therein. Specifically, the core factual allegation of both Sutter v. Horizon Blue Cross Blue Shield, No. L-3685-02 (N.J. Sup. Ct.), Amended Complaint filed April 26, 2002, ("Sutter v. Horizon") and Thomas, et al. v. Blue Cross and Blue Shield Ass'n, No. CV-03-21296 (S.D. Fla.), Second Amended Complaint filed June 18, 2004, ("Thomas"), is that Horizon improperly reduces its payments to providers. This is the same basic allegation made in this matter.

---

[4] Ingenix does not believe that WSC has stated any actual class, and reserves the right to oppose any forthcoming class certification motion. However, for purposes of removal under CAFA, Ingenix merely notes that the Complaint purports to state a class of over 100 members.

Under CAFA's so-called "Local Controversy Exception," a District Court may not exercise jurisdiction where certain criteria are met. As WSC concedes, however, this exception only applies where "no other similar class actions have been filed against the defendants (by the same or other proposed classes) in the preceding three years." (Remand Motion at p. 6, <u>citing</u> S. Rep. 109-14 (Feb. 14, 2005)). This requirement is codified by 28 U.S.C. § 1332(d)(4)(A)(ii), which expressly allows District Courts to exercise jurisdiction for a class action, *even a "local controversy" class action*, where another class action has been filed "asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons" in the three years preceding the instant filing. <u>Id.</u>

As stated in Ingenix's Notice of Removal, there have been at least two class actions filed in the past three years against Horizon, each of which makes the same or similar allegations as the instant case. In <u>Thomas</u>, filed June 18, 2004, the plaintiffs are a nationwide class of physicians who allege that defendants, including Horizon, "systematically deny, delay and diminish the [reimbursement] payments due to physicians" -- <u>both</u> in and out of network -- by, among other things:

- "using automated programs which manipulate standard coding practices to artificially reduce the amount physicians are paid" (<u>Thomas</u> Second Amended Complaint, at ¶¶ 5-6); and

- the "utilization of, participation in development of, and purchase of reimbursement guidelines such as those offered by the 'Health Insurance Association of America' ('HIAA')" (<u>Id.</u> at ¶ 323 (e)).

Notably, WSC's allegations here of systematic diminution of out-of-network reimbursement payments appear to place it directly within the scope of the <u>Thomas</u> class. HIAA originally

developed the Prevailing Healthcare Charge System ("PHCS") database that is at the heart of the allegations against Ingenix in the instant case. (See Complaint at p. 6).[5] Indeed, if the plaintiffs in Thomas are successful, that will impact the exact same claims reimbursement transactions about which Plaintiff protests in its Complaint.

Similarly, Sutter v. Horizon is based on allegations that Horizon improperly reduces reimbursement to providers. In Sutter v. Horizon, filed April 26, 2002, the plaintiffs allege that the "systematic nature of [Horizon's] payment practices" "routinely and unjustifiably reduced payment [to physicians] by employing a number of improper, unfair, and deceptive tactics" (Sutter v. Horizon Amended Complaint, at ¶¶ 19, 24(d)).[6] Thus, Sutter v. Horizon is yet another purported class action in which the plaintiff medical providers seek additional reimbursements from Horizon for services provided based on allegations that Horizon's calculation of those benefits is "improper" and "unfair."[7] These allegations are certainly broad enough to encompass the specific allegations in the instant Complaint.

---

[5] Ingenix purchased the PHCS database from the HIAA in 1998, and this is the very system that WSC complains of in its allegations against Ingenix in this case.

[6] WSC's denial that the Sutter v. Horizon case is based on the "same or similar" factual allegations is further belied by its own admissions. WSC listed Sutter v. Horizon as a "related case pending" on the Civil Case Information Statement filed with the Complaint in New Jersey state court. See Plaintiff's Civil Case Information Statement, a true and correct copy of which is annexed to the Ommen Decl. as Exhibit E. Sutter v. Horizon cannot be similar enough to this case so as to be a "related case" and at the same time not be "similar" for purposes of CAFA.

[7] We have not located any cases interpreting the "same or similar factual allegations" language of CAFA, but it is well-established this court may use analogous statutes to aid in interpretation. United States v. American Trucking Ass'ns, 310 U.S. 534, 543-44 (1940). The Judicial Panel on Multidistrict Litigation ("JPML") regularly interprets what constitutes a "common question of fact" under 28 U.S.C. § 1407. For example, the JPML has transferred over 100 actions to MDL-1334, In re Managed Care Litigation, based upon similar allegations concerning "alleged cost-containment policies" of managed care defendants. See, e.g., In re Managed Care Litigation, MDL-1334 (J.P.M.L. October 18, 2004) (unpublished order transferring Franco v. Connecticut

While Plaintiff is correct that neither Sutter v. Horizon nor Thomas names Ingenix as a defendant, this fact is irrelevant. Both cases name Horizon, thus fulfilling the requirement that the same or similar factual allegations are asserted against any of the defendants in the current case. See 28 U.S.C. § 1332(d)(4)(A)(ii). Further, despite WSC's apparent assumption otherwise (Remand Motion at p. 6), there is no requirement under CAFA that Plaintiff seek redress under the same statutes or common-law actions as plaintiffs in previous similar class actions. Rather, what is required by CAFA is that the "factual allegations" be similar. There is no such requirement related to the legal theories. Consequently, the fact that Thomas involves RICO causes of action while the instant case involved state law claims is immaterial.

As explained above, at least two purported class actions have been filed against Horizon in the past three years making similar factual allegations. Accordingly, the exception found in 28 U.S.C. § 1332(d)(4) does not apply to this case. Because no exception applies to the jurisdiction over this matter under 28 U.S.C. § 1332(d), this Court has jurisdiction under CAFA.

III. **Ingenix Does Not Oppose Remand If the Court Orders Plaintiff's Complaint to Be Amended to Limit Plaintiff's Claims, and Any Claims of the Purported Class, to Claims for Reimbursement Solely for Services of Out-Network Ambulatory Surgical Care Centers, Not For Services of Physicians or other Persons or Entities.**

Ingenix does not oppose remand if, and only if, the Court enters an order that deems or requires Plaintiff's Complaint to be amended appropriately. Specifically, the Complaint must be amended to assert claims only with respect to reimbursement to Wayne Surgical Center and a purported class of other, similarly situated ambulatory surgical care centers -- and not reimbursements to physicians or other entities. In such event, Ingenix would withdraw

---

General Life Insurance Co., No. 04-1318 (D.N.J. filed March 19, 2004) (a true and correct copy of which is annexed to the Ommen Decl. as Exhibit F).

its opposition to remand, without prejudice to its re-removal in the event plaintiff were to seek to expand the scope of the purported class. In the absence of such an express limitation as to the scope of the purported class, the Complaint on its face purports to assert a class of greater than one hundred members, and CAFA would accordingly provide for federal jurisdiction.

## CONCLUSION

For the foregoing reasons, Ingenix respectfully requests that the Court deny WSC's Motion to Remand.

Dated: June 13, 2005

                                      Respectfully submitted,

**GIBBONS, DEL DEO, DOLAN, GRIFFINGER & VECCHIONE**
A Professional Corporation
Attorneys for Defendant
Ingenix, Inc.

By: _____
      David J. Sheehan (DS-4818)
      Frederick W. Alworth (FA-6977)


Nicholas J. Pappas (NP-3925)
Todd D. Ommen
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
212-310-8000

Attorneys for Defendant, Ingenix, Inc.