RECEIVED-CLERK
U.S. DISTRICT COURT
2005 JUN 27 P 2: 45

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| WAYNE SURGICAL CENTER, INC., INDIVIDUALLY, AND ON BEHALF OF ALL THOSE SIMILARLY SITUATED, | : : : : : | Civil Action No. 2:05-cv-02707-JAG-GDH |
| Plaintiffs, | : : | |
| v. | : : | |
| HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, INC., and INGENIX, INC., | : : : | SECOND AMENDED COMPLAINT AND JURY DEMAND |
| Defendants. | : : | |

Plaintiff, Wayne Surgical Center ("WSC"), individually and on behalf of all those similarly situated, by way of complaint against Horizon Blue Cross Blue Shield of New Jersey, Inc. and Ingenix, Inc., says:

PARTIES

1.   WSC is a corporation organized and existing under the laws of the State of New Jersey, with a principal place of business at 1176 Hamburg Turnpike, Wayne, New Jersey.  WSC is engaged in the business of providing ambulatory surgical care to patients.

2.   Ingenix, Inc. is a Utah corporation with a place of business located at 131 Morristown Road, Basking Ridge, New Jersey.  Ingenix, Inc. is engaged in the business of providing

data, information and research to insurance companies and other entities involved in the health care industry.  Ingenix, Inc. is a wholly owned subsidiary of United Health Group, one of the countries largest health care conglomerates.

3.    A division of United Health Group is United Healthcare ("UHC"), a provider of network-based health plans for UHC over 18 million people nationwide.  UHC reimburses various providers of care, treatment, services and supplies.

4.    The expressed goal of Ingenix is to help its customers increase revenues, reduce costs, maximize return of investment and mitigate risk.

5.    Horizon Blue Cross Blue Shield of New Jersey, Inc. ("Horizon") is a non-profit corporation organized and existing under the laws of the State of New Jersey with a principal place of business located at Three Penn Plaza East, Newark, New Jersey.  Horizon provides health coverage and services for an estimated 3.1 million people.

6.    Horizon was obligated to reimburse WSC as an Out-Network provider based upon usual, customary, and reasonable charges ("UCR") prevailing in the geographic region.

### FIRST COUNT

1.    Ingenix, Inc. markets and sells its data, analysis, charts and other information to health insurance companies in order for its customers to set reimbursement rates for in-

network and out-network providers.  Ingenix knows that the data,
analysis, charts, and other information will be used by its
customers as the basis for reimbursement rates for care,
treatment, services, and supplies provided by in-network and
out-network providers.

2.    In compiling its data, and preparing its analysis of
reimbursement rates, Ingenix engages in flawed and incomplete
methodology, market analysis, study, and data compilation.  The
data, analysis and other information provided by Ingenix to
Horizon for purposes of setting UCR reimbursements is not an
accurate or complete reflection of the usual, customary, and
reasonable rates prevailing in New Jersey.

3.    Ingenix knew or should have known that it's data,
analysis, and other information does not accurately reflect the
usual, customary, and reasonable rates prevailing in northern
New Jersey but supplied the inaccurate, incomplete and outdated
data and other information to Horizon.  Ingenix knew or should
have known that Horizon would substantially rely upon the data
provided by Ingenix for the very purpose of setting usual,
customary and reasonable reimbursement rates.

4.    Ingenix intentionally provides its customers,
including Horizon with inaccurate, incomplete, and outdated data
and other information with the knowledge that this inaccurate,
incomplete and outdated data and information will be used by

3

Horizon and other customers to set low reimbursement rates and increase the profits of Horizon and other customers.  Ingenix intentionally maintains inaccurate, incomplete, and outdated data with the goal of manipulating the database to reflect low procedure and reimbursement rates.

5.    Ingenix knew, or should have known that, Horizon would set inadequate reimbursement rates to providers and that the providers would be damaged by the flawed, outdated, inaccurate, and incomplete information and data provided to Horizon and other customers.

6.    WSC has submitted numerous requests for reimbursements which bill procedures and services rendered based upon the prevailing charges for the procedure or services rendered.  WSC has received inadequate reimbursements which do not reflect the UCR charge for the procedure or service provided by WSC.

7.    The inadequate reimbursements by Horizon based upon the inaccurate, incomplete, flawed and outdated data, analysis, and other information provided by Ingenix, has damaged WSC and will continue to damage WSC if the reimbursement rates continue to be set based upon inaccurate, incomplete, flawed and outdated data and other information.

8.    WSC is a member of the class of out-network ambulatory surgical care centers in New Jersey which obtained inadequate

reimbursement from Horizon for providing care, treatment, supplies or other services to Horizon insureds.

## SECOND COUNT

1.   Plaintiff repeats and realleges each and every allegation of the first count and incorporates same by reference.

2.   Alternatively, and additionally, Ingenix negligently and carelessly performed its market studies, and data collection, and provided data, analysis, studies and other information to Horizon, and other customers which was inaccurate, incomplete, outdated and flawed.

3.   Ingenix knew or should have known that the inaccurate, incomplete, outdated and flawed data and other information would be relied upon by Horizon to set reimbursement rates.  Ingenix knew or should have known that out-network providers would receive inadequate reimbursements which did not reflect the UCR charge for the service, procedure or supplies provided.

4.   By virtue of the foregoing, WSC and other class members have been damaged and will continue to be damaged by the inadequate reimbursement rates paid by Horizon.

## THIRD COUNT

1.   Plaintiff repeats and realleges each and every allegation of the first and second counts and incorporates same by reference.

2.    Horizon has provided inadequate reimbursements to WSC
and other class members with full knowledge that the
reimbursements do not reflect the UCR rates.   Horizon does not
independently evaluate or audit the database and information to
ensure accuracy for purposes of setting UCR reimbursements.

3.    By virtue of the foregoing, Horizon has been unjustly
enriched and WSC and other class members have been damaged.

### FOURTH COUNT

1.    Plaintiff repeats and realleges each and every
allegation of the first, second and third counts and
incorporates same by reference.

2.    Pursuant to N.J.A.C. 11-20.3.1(a) and N.J.A.C. 11:21-
7.13(a) Horizon is obligated to reimburse covered charges for
hospital service based upon actual charges.

3.    Horizon has breached this regulation and has damaged
WSC and other class members thereby.

### FIFTH COUNT

1.    Plaintiff repeats and realleges each and every
allegation of the first, second and third counts and
incorporates same by reference.

2.    Pursuant to N.J.A.C. §11:21-7.13(a), Horizon is
required to use the most recent Prevailing Healthcare Charges
System ("PHCS") data provided by Ingenix in calculating UCR.

3.    Horizon has breached this regulation and has damaged WSC and other class members thereby.

### SIXTH COUNT

1.    Plaintiff repeats and realleges each and every allegation of the first, second, third, fourth and fifth counts and incorporates same by reference.

2.    WSC and other class members are third party beneficiaries under the health benefits plan provided by Horizon to various individuals who have chosen to have out-network providers render care, treatment, services and supplies.  The Horizon Direct Access Point of Service Plans expressly provide that a participant shall be entitled to use Out-Network providers and that Horizon would reimburse the Out-Network providers based upon usual, customary, and reasonable rates.

3.    The reimbursement rates to WSC and other members of the class do not reflect usual customary and reasonable rates for the northern New Jersey geographic area and WSC and other class members have been damaged thereby.

WHEREFORE, plaintiff demands judgment:

1.    Certifying a class and/or subclasses of out-network ambulatory care centers in New Jersey which obtained inadequate facility fee reimbursement from Horizon for providing care,

7

treatment, supplies or other services to Horizon insureds pursuant to R.4:32-1;

2.   For damages, interest and costs of suit; and

3.   For such further relief as this court may deem just and equitable.

NAGEL RICE & MAZIE, LLP
Attorneys for Plaintiffs

By: _____
BRUCE H. NAGEL

- and -

LAMPF LIPKIND PRUPIS & PETIGROW
80 Main Street
West Orange, New Jersey 07052

Dated:   June 27, 2005

## JURY DEMAND

Plaintiffs hereby request a trial by jury on all issues herein.

NAGEL RICE & MAZIE, LLP
Attorneys for Plaintiffs

By: _____
BRUCE A. NAGEL

Dated:   June 27, 2005
BHN\WayneSurgical\District Court\Second Amended Complaint and Jury Demand